# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **RAYMOND CAMPBELL,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:25-cv-00260-LS** |
| | § | |
| **MARCO RUBIO in his official capacity as Secretary of State, et. al.,** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND SETTING DEADLINE FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT**

*Pro se* plaintiff Raymond Campbell sues the government because his passport is marked with the following statement: "The bearer was convicted of a sex offense against a minor, and is a covered sex offender pursuant to 22 United States Code Section 212b(c)(1)."[1] The Court denies the Defendants' motion to dismiss because Mr. Campbell viably alleges, at least at the pleadings stage of this lawsuit, that part of the statement is false and should not be marked on his passport.

## I. LEGAL STANDARD.

### Rule 12(b)(6)

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] "A claim has facial plausibility when the plaintiff pleads

---

[1] ECF No. 1 at 1-2.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A complaint must support legal conclusions with factual allegations.[4]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[5] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[7] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[8]

## II. ANALYSIS.

Campbell alleges that he was charged in Texas with aggravated sexual assault of a child in 2004.[9] He also alleges that he successfully completed ten years of deferred adjudication supervision and that "the Texas court dismissed the proceedings against [him] pursuant to Texas Code of Criminal Procedure Article 42A.111."[10]

The "Secretary of State shall not issue a passport to a *covered sex offender* unless the passport contains a unique identifier,"[11] which is a "visual designation affixed to a conspicuous location on the passport indicating the individual is a *covered sex offender*."[12] A "covered sex

---

[3] *Id.*
[4] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[5] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[6] *Twombly*, 550 U.S. at 555.
[7] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").
[8] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).
[9] ECF No. 1 at 4.
[10] *Id.*
[11] 22 U.S.C. § 212b(b)(1) (emphasis added).
[12] *Id.* at § 212b(c)(2) (emphasis added).

offender" is an individual who is both "a sex offender, as defined in section 21503(f) of title 34" and "currently required to register under the sex offender registration program of any jurisdiction."[13] Under 34 U.S.C. § 21503(f), a "sex offender" is defined as "a covered sex offender" or "an individual required to register under the sex offender registration program of any jurisdiction or included in the National Sex Offender Registry, on the basis of an offense against a minor."[14] A "covered sex offender," for purposes of § 21503(f), "means an individual who is a sex offender by reason of having been convicted of a sex offense against a minor."[15]

Accordingly, working backwards, if an individual has never been convicted of a sex offense against a minor, he does not qualify as a "covered sex offender" under § 21503(f). He does, however, qualify as a "sex offender" under § 21503(f) if he is required to register. And if he qualifies as a "sex offender" under § 21503(f) because he is required to register, then he is a "covered sex offender" under § 212b, and his passport must be marked with a "unique identifier." All told, if an individual must register, his passport must be marked, even if he has no conviction.

Campbell concedes in his complaint that he is required to register as a sex offender and that his passport must be marked.[16] The issue, however, is that he alleges that the passport mark indicates that he "was convicted of a sex offense against a minor." If Campbell's charges were indeed dismissed after he successfully completed deferred adjudication, there is a viable question about whether Campbell was actually convicted of a sex offense against a minor. The Fifth Circuit notes that although it:

---

[13] *Id*. at § 212b(c)(1).
[14] 34 U.S.C. § 21503(f).
[15] *Id*. at § 21502(3).
[16] ECF No. 1 at 5 "Under federal law, individuals who received deferred adjudication for sex offenses are required to register under [the Sex Offender Registration and Notification Act], even if their cases were subsequently dismissed under state law…Plaintiff is therefore subject to the passport marking requirement…"

> has consistently treated Texas deferred adjudications as "convictions" under the Sentencing Guidelines…the sentencing provisions examined in [those] prior cases provide specific interpretive clues by either expressly defining the term "conviction" or by referencing commentary indicating that deferred adjudications qualify as convictions. Therefore…although instructive, these prior holdings do not fully resolve the meaning of "conviction…"[17]

Subtitle II of Title 34, in which § 21503(f) defines a "covered sex offender" as "an individual who is a sex offender by reason of having been convicted of a sex offense against a minor," does not define "conviction" and explains only that the term includes juvenile delinquency adjudications.[18] The government argues that Campbell's deferred adjudication should be treated as a conviction, but as its response is devoid of binding or persuasive law directly on point, the factual accuracy of Campbell's passport mark remains an open question.

Campbell seeks leave to amend his complaint[19] and a "court should freely give" such leave.[20] Moreover, as Rule 12(b)(6) motions are "viewed with disfavor and [are] rarely granted,"[21] Campbell's request to file an amended complaint is granted and he must file it by **September 28, 2026**. The defendants' motion to dismiss [Doc. No. 10] is **DENIED.**

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 7, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[17] *United States v. Mills*, 843 F.3d 210, 214-15 (5th Cir. 2016).
[18] 34 U.S.C. § 20911(8) (formerly 42 U.S.C. § 16911).
[19] ECF No. 11 at 18.
[20] Fed. R. Civ. P. 15(a)(2).
[21] *Lowrey,* 117 F.3d at 247.